**VANESA PANCIC**
**Chapter 7 Trustee**
PO Box 280
Wilsonville, OR 97070
Phone: 503-729-8676
E-mail: pancictrustee@comcast.net

### UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 16-61816-tmr7 |
| Amy Rebecca Osborn**,** | **TRUSTEE'S MOTION FOR ORDER AUTHORIZING RETROACTIVE EMPLOYMENT OF SHORT-SALE BROKER** |
| Debtor. | |

Vanesa Pancic, chapter 7 trustee (the "**Trustee**"), noticed and sold the residence located at 690 Maple Street, Sutherlin, OR 97479 (the "**Property**") through a short-sale settlement. The value of the Property was less than the amount of the liens against it. Therefore, the Trustee engaged Royalty Negotiations, LLC (the "**Broker**"), which specializes in short-sale transactions, to negotiate with the secured creditors and to facilitate the Trustee's sale of the Property. The secured creditor and <u>Amy Rebecca Osborn</u> (the "**Debtor**") agreed to a short-sale compromise that allowed the Trustee to retain at least $10,000 of the sale proceeds and for the Broker's commission to be paid at closing. The Trustee properly noticed the short-sale to the Court and creditors. The Trustee received no objections to the proposed sale and the short-sale (the "**Sale**") closed on May 24, 2017. When negotiations regarding the Sale occurred, the Trustee generally did not seek the Court's approval to employ short-sale brokers. Now, the Trustee seeks to retroactively approve the Broker's employment.

The Trustee filed a Notice of Motion for Retroactive Employment of Short-Sale Broker (the "**Notice**") with this motion and served it on all creditors and interested parties in this case. The Notice describes a 21-day period from the date of service of the Notice (plus 3 days for mailing) for creditors or interested parties to object to this motion. The Trustee does not

anticipate any objections. If no timely objections are filed, the Trustee will file a declaration of no objection and upload the attached proposed order to the Court.

In this case, the Trustee engaged the Broker to begin negotiating with the secured creditors on behalf of the bankruptcy estate (the "**Estate**") on or about November 4, 2016. At that time, trustees generally did not employ short-sale brokers under 11 U.S.C. § 327. Thereafter, the Court confirmed that short-sale brokers must be employed pursuant to 11 U.S.C. § 327. As a result, the Trustee has been working to retroactively employ short-sale brokers in cases where they have provided services on behalf of bankruptcy estates but were not previously employed. The Trustee has submitted several applications for employment of short-sale brokers in various cases and received feedback from the Court regarding these applications. The Trustee has analyzed the Court's feedback and incorporated facts and analysis in this application that address the Court's questions. The Trustee has also discussed retroactive employment of short-sale brokers with the U.S. Trustee's office. The U.S. Trustee's office does not object to the Trustee's efforts to retroactively employ short-sale brokers.

### APPLICATION TO RETROACTIVELY EMPLOY SHORT-SALE BROKER ROYALTY NEGOTIATIONS, LLC AS BROKER FOR THE ESTATE

Pursuant to 11 U.S.C. § 327, the Trustee applies to employ Royalty Negotiations, LLC, whose address is PO Box 87513, Vancouver, WA 98687 under an exclusive agreement to act as the short-sale broker for the Estate, and based on the certifications of Ms. Widen, as set forth in the Widen Declaration ("**Widen Decl.**").

The Broker is a registered Oregon Debt Management Service Provider (Oregon DMSP License No. DM-80082), and acts in compliance and accordance with the Oregon Debt Management Service Provider Act (the "**DMSPA**"). The Broker specializes in negotiating with secured creditors to reduce the amounts they are willing to accept in satisfaction of their liens in order to facilitate the Trustee's sale. The short-sale approval process is complex, document intense, and time consuming. The short-sale broker must evaluate offers and lender BPOs, work

**Page 2 of 6 – TRUSTEE'S MOTION FOR ORDER AUTHORIZING RETROACTIVE EMPLOYMENT OF SHORT-SALE BROKER**

VANESA PANCIC
PO Box 280
Wilsonville, OR 97070
pancictrustee@comcast.net

Case 16-61816-tmr7    Doc 54    Filed 03/31/18

with the real estate broker to make any required changes to the offer, work with the debtors and the trustee to complete a number of complex forms to ensure that the secured creditors (and the underlying investors, if applicable) will review the short-sale offer, and submit the paperwork to the secured creditors within a specified timeframe. Also, communicating with the secured creditors is often difficult. Each major national bank has its own private system that a broker must have access to and be familiar with navigating in order to communicate with the creditor. Furthermore, each creditor has its own set of specific documents and tasks that must be accomplished (within the private communication system) on strict timeframes in order for a short-sale offer to be considered. Employing a short-sale broker, who specializes in these processes, greatly improves efficiency of the process and increases the likelihood that secured creditors will approve a proposed sale.

The Trustee separately engaged a licensed realtor in this case. The Estate's realtor was responsible for marketing the Property and preparing the offer and sale contract. The realtor does not have access to and is not familiar with the secured creditors' private communication systems. Furthermore, the realtor is not familiar with the documents required by the secured creditors to consider and approve the proposed short-sale. Generally, realtors that focus on residential property transactions are unfamiliar with the numerous processes and systems required by secured creditors to successfully negotiate a short-sale of residential property. The skills and tools required by residential realtors are different from those required by short-sale brokers. Very few residential realtors also specialize in short-sale negotiations.

In this case, the Broker and the realtor provided different and distinct services for the Estate in the process of marketing and selling the Property. The Sale, and the benefits it provided for all parties, would not have been successful without the separate services provided by both the Broker and the realtor.

1. **The Broker provided valuable services for the benefit of the Estate.**

VANESA PANCIC
PO Box 280
Wilsonville, OR 97070
pancictrustee@comcast.net

In this case, the Broker's efforts resulted in the success of the Sale, which generated $10,000 for the benefit of the Estate. These funds will provide a meaningful distribution to unsecured creditors which otherwise would receive nothing in this case. The Broker worked on this transaction for several months to finalize the terms of the Sale and to ensure that all parties consented to the Sale. The Broker's efforts resulted in the secured creditors and the Debtor approving the following terms of the Sale which are also described in the Trustee's Report of Sale and/or the Trustee's proposed Final Report:

| Party in Interest | Nature of Claim | Treatment of Claim |
|---|---|---|
| Wells Fargo Bank | Trust Deed | Secured creditor agreed to accept $183,302.28 in satisfaction of its claim |
| Amy Rebecca Osborn | Relocation incentive | Debtor received $3000 for relocation |
| Bankruptcy Estate | Property of Estate | Parties in interest agreed to allow the Estate $10,000 |
| Broker | Commission | Parties in interest agreed to allow the Broker's commission in the amount of $4,000 |

### 2. The Broker's commission in this case is reasonable.

In accordance with DMSPA guidelines and ORS 697.692(e), the maximum commission available to the Broker is capped at 7.5% of the difference between the principal amount of the debt owed and the amount paid to the creditor in satisfaction of the debt. In accordance with these statutes, the Broker's commission was $4,000. *Id.* at ¶ 5. The Broker's commission was a term of the Sale and was paid at closing. *Id.* The terms of the Broker's employment and compensation are customary in this marketplace for this type of sale.

### 3. Broker disclosures in accordance with FRBP 2014.

To the best of the Trustee's knowledge, the Broker has no connections with the Debtors, creditors, U.S. Trustee, Asst. U.S. Trustee, any employee of either the U.S. Trustee or Asst. U.S. Trustee, any District of Oregon Bankruptcy Judge, or any other party in interest, or their

Vanesa Pancic
PO Box 280
Wilsonville, OR 97070
pancictrustee@comcast.net

respective attorneys or accountants. The Broker also certifies that it has no connections to any parties in interest in this matter. *Id.* at ¶ 6. The Broker further discloses that it works with the Trustee, the Trustee's realtor Greg Ferrera, and several title and escrow companies in the normal course of its business. *Id.* The Broker has no interest in the business, brokerages, or firms of any of these parties. *Id.*

**4. Retroactive employment of the Broker is appropriate in this case.**

The Trustee believes that the Broker's actions provided a benefit to the Estate. As the Court is aware, in the Ninth Circuit, "[P]rofessionals seeking retroactive approval must satisfy two requirements: they must (1) satisfactorily explain their failure to receive prior judicial approval; and (2) demonstrate that their services benefitted the bankrupt estate in a significant manner*." Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 974 (9th Cir. 1995); *see also Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.)*, 837 F.2d 389, 392 (9th Cir.1988). Additional factors a court may, but need not, consider have been discussed by the Ninth Circuit and the Ninth Circuit Bankruptcy Appellate Panel as follows:

> 1. The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;
>
> 2. The party for whom the work was performed approves the entry of the *nunc pro tunc* order;
>
> 3. The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;
>
> 4. No creditor or party in interest offers reasonable objection to the entry of the *nunc pro tunc* order;
>
> 5. The professional satisfied all the criteria for employment pursuant to 11 U.S.C.A. § 327 (West 1979) and Rule 215 [now Rule 2014] of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;
>
> 6. The work was performed properly, efficiently, and to a high standard of quality;

VANESA PANCIC
PO Box 280
Wilsonville, OR 97070
pancictrustee@comcast.net

7. No actual or potential prejudice will inure to the estate or other parties in interest;

8. The applicant's failure to seek pre-employment approval is satisfactorily explained; and

9. The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

*Id.* (quoting *In re Twinton Prop. P'ship*, 27 B.R. 817, 819–20 (Bankr. M.D. Tenn. 1983)); *see also Credit Alliance Corp. v. Boies (In re Crook)*, 79 B.R. 475, 478 (9th Cir. B.A.P. 1987).

In this case, the Trustee believes that these non-exclusive factors have been met and justify the requested retroactive employment. This motion describes in detail the terms of employment, disclosing no connections or conflicts pursuant to FRBP 2014, and providing a copy of the signed DMSPA-approved Short-Sale Agreement. It seems unlikely that creditors would object to the retroactive employment of the Broker.

Furthermore, the services rendered by the Broker were necessary for the success of this complex Sale transaction. Because the failure to seek prior approval is explainable and because the services benefitted the Estate in a significant manner, the Trustee reasonably requests the Court's authorization to employ Royalty Negotiations LLC to serve as the Estate's short-sale broker retroactively as of the date of the Short-Sale Agreement (November 4, 2016).

WHEREFORE, the Trustee hereby requests that the Court enter an order in the form attached hereto, which will be uploaded if no timely objections are filed.

DATED: March 31, 2018.

VANESA PANCIC, CHAPTER 7 TRUSTEE

By: /s/ VANESA PANCIC
      Vanesa Pancic
      Direct: 503-729-8676

VANESA PANCIC
PO Box 280
Wilsonville, OR 97070
pancictrustee@comcast.net

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

Amy Rebecca Osborn**,**

      Debtor.

Case No. 16-61816-tmr7

**ORDER AUTHORIZING RETROACTIVE EMPLOYMENT OF SHORT-SALE BROKER**

**[PROPOSED]**

      This matter came before this Court on the Motion for Order Authorizing Retroactive Employment of Short-Sale Broker (Doc. No. __) (the "**Motion**") and the Notice of Motion for Retroactive Employment of Short-Sale Broker (the "**Notice**") (Doc. No. __) and supporting documents filed by Vanesa Pancic, Chapter 7 Trustee (the "**Trustee**").

      Based on the Notice, the Motion, and the Declaration of No Objection (Doc. No. _) retroactive employment of Royalty Negotiations is appropriate.

      NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

      1.     The Motion for Order Authorizing Retroactive Employment of Short-Sale Broker as of the date of the Short-Sale Agreement with the Trustee (November 4, 2016) is hereby approved.

VANESA PANCIC
PO Box 280
Wilsonville, OR 97070
pancictrustee@comcast.net

2.      This Court shall retain jurisdiction over any issues relating to the

employment of Royalty Negotiations, LLC.

# # #

Pursuant to LBR 9021-1(a)(3), I hereby certify that this order was circulated in accordance with LBR 9021-1(a)(2)(A) and that no objections were filed in the applicable period.

Presented by:

VANESA PANCIC

By:  /s/ Vanesa Pancic

      Vanesa Pancic, Chapter 7 trustee

        Direct:  503-729-8676

        Email:   pancictrustee@comcast.net

cc:      ECF-registered parties, and the following parties requiring notice by US Mail:
- Greg Ferrera, 6000 SW Meadows Rd. #105, Lake Oswego, OR 97035
- Royalty Negotiations, LLC, PO Box 87513, Vancouver, WA 98687

In re

Amy Rebecca Osborn,

Debtor.

Case No. 16-61816-tmr7

**DECLARATION OF TABITHA WIDEN**

**IN SUPPORT OF MOTION FOR ORDER AUTHORIZING RETROACTIVE EMPLOYMENT OF SHORT-SALE BROKER**

I, Tabitha Widen, declare and state as follows:

1.    I am the chief executive officer of Royalty Negotiation, LLC (the "**Broker**"). I am over the age of 18 and not a party to this action.

2.    Royalty Negotiations, LLC is a registered Oregon Debt Management Service Provider (Oregon DMSP License No. DM-80082), and acts in compliance and accordance with the Oregon Debt Management Service Provider Act ("**DMSPA**"). The Broker provides debt management services and specializes in negotiating with secured creditors to reduce the amounts they are willing to accept in satisfaction of their liens in order to facilitate sales of real property.

3.    On November 4th, 2016, I entered an agreement with Vanesa Pancic, the Chapter 7 trustee (the "**Trustee**") appointed in Amy Rebeca Osborn's (the "**Debtor's**") bankruptcy case, to negotiate a short-sale of the property located at 690 Maple Street, Sutherlin, OR 97479 (the "**Property**"). This agreement is known as the "**Short-Sale Agreement**" and a copy is attached as **Exhibit A**.

4.    At the time the Short-Sale Agreement was signed, the Broker acknowledged and understood that this transaction was subject to bankruptcy court approval, rules, and jurisdiction.

5.    In accordance with DMSPA guidelines, the maximum available commission for the Broker shall be no more than 7.5% of the difference between the principle amount of the debt and the amount paid to the secured creditor in satisfaction of its lien. In accordance with applicable law, the Broker's commission in this case was $4,000 and was paid to the Broker when the sale closed. Payment of the Broker's commission did not reduce the $10,000 benefit the Estate received. See Master HUD Statement attached as **Exhibit B**.

6.    I, the chief executive officer of the Broker, verify that the Broker has no connections with the Debtors, creditors, U.S. Trustee, Asst. U.S. Trustee, any employee of either the U.S. Trustee or Asst. U.S. Trustee, any District of Oregon Bankruptcy Judge, any other party in interest, or their respective attorneys or accountants. The Broker has a business bank account with Wells Fargo Bank, N.A. The Broker does not have any lines of credit, does not own real property, and does not have any mortgage obligations. The Broker works with the Trustee, her realtor Greg Ferrera, and several title and escrow companies on a regular basis to facilitate short-sale transactions. These connections occur in the normal course of the Broker's business. The Broker has no equity or other interest in the Trustee, Greg Ferrera's, any title companies', and/or any escrow companies' business, brokerage, or firm.

**I declare under penalty of perjury under the laws of the United States of America and the State of Oregon that the foregoing is true and correct and that this Declaration was executed on March 30, 2018, in Portland, Oregon.**

/s/ *[signature]*

Tabitha Widen, CEO of Royalty Negotiations, LLC

**Page 1 of 1 –  DECLARATION OF TABITHA WIDEN**

# Royalty Negotiations, LLC
## Debt Management Service Provider
Office: (866) 507-7787     Fax: (888) 662-4874

## Short Sale Agreement

Royalty Negotiation LLC

PO Box 87513

Vancouver, WA 98687

Email: twxperfunding@yahoo.com

Agreement Date: __November 4th, 2016__

Seller's Name: __Vanesa Pancic, Trustee__

Seller's Address: __P.O. Box 280 Wilsonville Or. 97070__

Seller's Phone #: __(503)332-6101__

Seller's Email Address: __pancictrustee@comcast.net__

The terms "I, me, and my" mean the Seller(s).  The term "you" means Royalty Negotiations LLC.  The term mortgage lender(s) includes the beneficiary of a residential trust deed, or a loan servicer, subsidiary, affiliate, or successor of the residential mortgage lender(s).

By signing at the bottom, I enter into this Short Sale Agreement ("Agreement") with you for debt management service plan to negotiate with my residential mortgage lender(s) a reduction or waiver in the principal, interest, penalties, or fees associated with my residential mortgage loan(s) secured by my residential real property ("property") located at

__690 Maple Ave. Sutherlin Or. 97479__

*This Agreement protects both you and me by spelling out what is expected under the terms* and conditions of this agreement.

The entire Agreement has five parts: (1) this document; (2) a privacy statement notice; (3) a buyer's acknowledgment form; (4) a cancellation notice form; and (5) a cancellation form.

You have 365 calendar days from the date of this Agreement ("Negotiating Period") to negotiate with my mortgage lender(s) an agreement to negotiate with my mortgage lender(s) secured by the property described above so that I may sell my property for the reduced payoff amount.  If you are unable to negotiate a reduced payoff amount of the balance remaining on my mortgage loan(s) by the end of __November 4th, 2017__, this Agreement expires automatically, unless I enter into a new written agreement with you to sell the property subject to the same terms and conditions set forth below.  I have the right to reject an offer that I consider unacceptable and retain the right to market the property.

Exhibit A

# Royalty Negotiations, LLC

## Debt Management Service Provider

Office: (866) 507-7787    Fax: (888) 662-4874

This Agreement is subject to the following terms and conditions:

1. **Short Sale.** I give you the exclusive authority during the negotiation period to work with my mortgage lender(s) to obtain a reduction in the principal, interest, penalties, or fees associated with my residential mortgage loan(s) secured by my Property. My residential mortgage lender(s) must agree to release the residential mortgage lien(s) on the Property when the mortgage lender(s) receive the proceeds of the sale of the Property, even though the proceeds are less than the balances remaining on the residential mortgage loan(s).

2. **Short Sale Deficiency.** The Short Sale transaction may result in a deficiency balance. A deficiency balance is the portion of the residential mortgage debt that is not covered by the proceeds of the short sale transaction. If my residential mortgage lender(s) do not agree to waive their deficiency rights, I understand that they are entitled to pursue legal action in state court against me to collect the deficiency balance and, if successful, may be entitled to garnish my wages. I understand that you recommend that I contact a lawyer or other professional advisor, including community organization, before signing this Agreement to understand fully the impact of a deficiency balance resulting from the Short Sale transaction.

3. **Non-Judicial Foreclosure.** Under Oregon Law, the non-judicial foreclosure of a first lien secured by a residential trust deed or purchase money mortgage prevents the foreclosure creditor from suing on the promissory notes or taking any other action to collect against the borrowers for the deficiency. Oregon Revised statutes (ORS) 86.770(2) and 88.070(2) prohibit the holder of a junior lien from bringing a judicial action or taking other collection efforts to enforce its right under a promissory note secured by a residential trust deed purchase money if the junior lien was created "at the same time" as the first lien <u>and</u> the borrower owes the debt to the lender or other-related part that foreclosed the first lien. In all other situations, if the junior liens are extinguished by the non-judicial foreclosure sale, junior lien holders may pursue their right to be paid if they do not agree to waive their rights to collect the money owed under their documents. I understand you recommend that I contact a lawyer or other professional advisor, including community organizations, before signing this agreement to understand fully the impact of a deficiency balance resulting from a non-judicial foreclosure.

4. **Settlement of a debt.** The Short Sale negotiations represent the attempt to reach a settlement of the balances remaining on my residential mortgage loans secured by my Property. I am choosing to enter into this Agreement, even though there is no guarantee that the Short Sale negotiations will be successful. I am choosing to enter into this Agreement even though the Short Sale transaction may result in taxable

Exhibit A

# Royalty Negotiations, LLC
## Debt Management Service Provider
Office: (866) 507-7787    Fax: (888) 662-4874

income under State and Federal law and may have a negative impact on my credit or creditworthiness.

5. **IRS Reporting.** The difference between the remaining amount of the principal I owe on my residential mortgage loan(s) and the amount my residential lender(s) receive from the sale of the property is reported to the Internal Revenue Service ("IRS") on Form 1099C, as debt forgiveness or income. Before signing this Agreement, I understand that you recommend that I consult a tax preparer to determine if I will have to pay any income taxes related to the Short Sale transaction.

6. **Credit Reporting.** It is the usual and customary practice to report to the major credit reporting agencies that residential mortgage loan(s) were settled for less than full payment of the balance remaining on these loan(s). Before signing this agreement, I understand that you recommend that I contact the Federal Trade Commission at: http://www.ftc.gov./bcp/edu/pubs/consumer/credit/cre24shtm to learn more about the potential impact of the short sale transaction on my credit and creditworthiness.

7. **Arm's Length Transaction.** You cannot buy the property or sell it to anyone to whom you are related or with whom the provider has a close personal or business relationship. In legal language, the Short Sale negotiations and transaction must be an "arm's length transaction".

8. **Consent to Release Information and Short Sale Documents.** You will need to talk to my residential mortgage lender(s) to get them to agree to the sale of the property for less than balance remaining on the residential mortgage loan(s) secured by the Property. You have established and implemented safeguard mechanisms to protect my nonpublic personal information as defined in the attached Privacy Notice and as required by Oregon Revised Statute ("ORS") 646A.600, the identity Theft Protection Act. By signing this agreement, I am giving you permission to communicate and share my personal nonpublic information, including but not limited to, credit history and information about other liens that may have impact on the sale of the property. Nonpublic information means personally identifiable information that is not publicly available as further described in the attached Privacy Notice and Disclosures. I will provide you with the following documents so that you may facilitate the Short Sale negotiations with my residential mortgage lender(s):

   - A signed and dated financial worksheet listing all monthly expenses.
   - A Signed and dated hardship letter explaining why I am unable to pay the residential mortgage loan(s).
   - A signed and dated letter authorizing you to access only that information relevant to my residential mortgage loan(s). This letter will include the last

Exhibit A

# Royalty Negotiations, LLC

## Debt Management Service Provider

Office: (866) 507-7787  Fax: (888) 662-4874

four digits of my Social Security number, the full account number associated with my residential mortgage loan(s), and the Property address.

9. **Real Estate Activities.** You are acting as a debt management service provider and **not** as a licensed real estate broker or agent. You will **not** engage in any activities to market or sell the property, value the property, or otherwise engage in any professional real estate activities. I am not required to use a specific real estate agent or broker to market and sell the property, unless I agree in writing to use a real estate agent or broker that you recommend and the real estate agent or broker signs the attached Realtor Acknowledgement form.

10. **Compensation.** The provider is entitled to a negotiation fee of the lesser amount of *tw ($4,000.00)* $4,000.00 or 7.5 % (percent) of the difference between the balance remaining on the mortgage loan(s) and the amount paid to the mortgage lender(s) to release the mortgage lien on the property and {the Buyer} is responsible for paying the debt management service fee. All negotiations fees to be paid at closing and listed on the HUD-1.

11. **Surety Bond.** You have provided the Oregon Department of Consumer and Business Services a surety bond in the amount of $25,000.00 underwritten by Platte River Insurance Company located at 1600 Aspen Commons, Middleton, WI 53562, Bond No. 41258231. Under Oregon Revised Statutes ("ORS") 697.642(4), I have the right to bring an action against the Bond if I suffer an ascertainable loss of money or property, real or personal, because you violated the terms and conditions contained in this Agreement or provision(s) of Oregon law governing debt management service provider activities.

12. **Governing Law.** Oregon law governs this Agreement without reference to any conflict-of-law rules. Oregon law requires that this Agreement contains the entire agreement between you and me, and that I am **not** required to follow or rely on any other written or oral agreement or promise that is **not** described in this Agreement.

13. **Cancellation.** Either you or I may stop this Agreement at any time without penalty by giving written notice to the other. Additionally, I may stop this Agreement at any time before midnight of the third business day after signing this Agreement or at any time after signing this Agreement by giving 10 calendar days written notice to you. My cancellation is effective on the date I mailed the cancellation notice or immediately if I send it by electronic mail or facsimile.

Exhibit A

# Royalty Negotiations, LLC
## Debt Management Service Provider
### Office: (866) 507-7787     Fax: (888) 662-4874

THIS IS AN IMPORTANT LEGAL CONTRACT AND COULD HAVE AN ADVERSE IMPACT ON MY CREDIT OR CREDITWORTHINESS OR RESULT IN THE PAYMENT OF STATE OR FEDERAL TAXES. YOU RECOMMEND THAT I CONTACT A LAWYER OR OTHER PROFESSIONAL ADVISOR, INCLUDING COMMUNITY ORGANIZATION, BEFORE SIGNING THE AGREEMENT.

Signature of Seller: _____ Date November 4th, 2016

Print Sellers Name: _Vanesa Pancic, Trustee for the Bk Case #16-61816/ Osborn_

Signature of Seller: _____ Date_____

Print Sellers Name: _____

Property Address: _____690 Maple Ave. Sutherlin Or. 97479_____

_Tabitha Widen_                                          Date November 4th, 2016
Signature of Company Representative

___Tabitha Widen/ CEO___
Printed Name of Company Representative

Exhibit A

# Royalty Negotiations, LLC

**Debt Management Service Provider**

Office: (866) 507-7787     Fax: (888) 662-4874

## CANCELLATION FORM

**HOW TO CANCEL:**

_____ (DATE OF CONTRACT)

**YOU MAY CANCEL THIS CONTRACT WITHOUT ANY PENALTY AT ANY TIME!**

To cancel the contract, mail or deliver a signed and dated copy of this notice of cancellation, or write something saying you want to cancel, and send it to Royalty Negotiations, LLC at P.O Box 87513 Vancouver WA. 98687.

You may also cancel via fax or email.  Send cancellation by fax to (888) 662-4874 or email: twxpertfunding@yahoo.com.  Please submit with a real estate addendum termination agreement signed.  Use this form to cancel.

### NOTICE OF CANCELLATION

To: Royalty Negotiations, LLC.

Date_____

Buyer Signature_____

Buyer Signature_____

Copyright Royalty Negotiations, LLC DMSP#80082 2015

Exhibit A

**Royalty Negotiations LLC**

**Privacy Disclosure Notice**

You are concerned about the privacy of Short Seller(s) nonpublic personal information. You are providing this Privacy Disclosure Notice to help Short Seller(s) understand how you may collect and use nonpublic personal information and the type of information that is considered nonpublic personal information.

When you use the term "nonpublic personal information, you mean personally identifiable information that may not be publicly available such as the Short Seller(s)' name, address, phone number, social security number, credit information, and other financial information that was used to obtain the Short Seller(s)' residential mortgage loan(s). You need this information to help reduce the remaining balance(s) due under the terms and conditions of the mortgage loan(s) security the Property.

**Sources of Nonpublic Personal Information.** You may collect Short Seller nonpublic personal information from the following sources:

- Information we receive from the Short Seller application.

- Information from mortgage lender(s) or creditor(s) holding lien(s) against the Property.

- Information from mortgage loan servicer(s) who are working with mortgage lender(s) holding liens against the Property.

- Information from a credit reporting agency.

**Information You Disclose.** Unless I give you written permission, you will not share my nonpublic personal information that you collect with anyone including, but not limited to the following current and future affiliates such as financial service providers, mortgage brokers, or mortgage loan originators. unless they are involved specifically in reducing the remaining balance(s) due under my current and existing mortgage loan(s). Royalty Negotiations is not affiliated with any other companies and will not share personal information.

**Protecting Nonpublic Personal Information.** You restrict access to nonpublic personal information about me to those employees who need to know that information to facilitate the Short Sale negotiations with my mortgage lender(s) or creditors holding liens against the Property. As required by State and Federal law, you maintain physical, electronic, and procedural safeguards to guard nonpublic personal information.

1

Exhibit A

## HOW TO CANCEL THE SHORT SALE AGREEMENT

_____[Short Sale Agreement Date]

I MAY CANCEL THE SHORT SALE AGREEMENT ("AGREEMENT"), SUBJECT TO THE TERMS AND CONDITIONS DESCRIBED IN THE AGREEMENT.

To cancel the Agreement, mail or deliver a signed and dated copy of the Notice of Cancellation, see attached cancellation form, or write something saying you want to cancel the Agreement, and send it to Royalty Negotiations LLC at PO Box 87513, Vancouver WA 98687. I can cancel by fax or e-mail. Send any cancellation by fax to: 888-662-4874 or any cancellation by e-mail to: twxpertfunding@yahoo.com.

# NOTICE OF CANCELLATION

TO: _____ Royalty Negotiations LLC PO Box 87513, Vancouver WA 98687; fax: 888-662-4874; email: twxpertfunding@yahoo.com.

I cancel the Short Sale Agreement ("Agreement"), dated _____, for the Property described in the Agreement.

_____

_____

_____

Seller(s)' printed name and address.

_____

Seller's Signature

Exhibit A

## MASTER STATEMENT

**Settlement Date:** May 24, 2017
**Disbursement Date:** May 24, 2017

**Escrow Number:** 470316049451
**Escrow Officer:** Carla Wiltse

**Buyer:** Wesley Orrell and Gayla Orrell
Hi-Way Havenu RV Park, 609 Fort McKay Rd space #55
Sutherlin, OR 97479

**Seller:** Vanesa Pancic, Trustee for the Estate of Amy Osborn Bankruptcy Case No 16-61816-tmr7
P.O. Box 280
Wilsonville, OR 97070

**Seller:** Amy Osborn
410 Scott Ave.
Creswell, OR 97426

**Property:** 690 Maple Ave.
Sutherlin, OR 97479

**Lender:** Umpqua Bank
6610 SW Cardinal Lane
Tigard, OR 97224
**Loan Number:** 8501317054

| SELLER | | | | BUYER | |
|---|---|---|---|---|---|
| $ DEBITS | $ CREDITS | | $ DEBITS | | $ CREDITS |
| | | **FINANCIAL CONSIDERATION** | | | |
| | 200,000.00 | Sale Price of Property | 200,000.00 | | |
| | | Deposit or earnest money | | | 2,500.00 |
| | | Loan Amount | | | 160,000.00 |
| | | Buyer's funds to close | | | 58,749.24 |
| | | **PRORATIONS/ADJUSTMENTS** | | | |
| | 300.86 | County Taxes - Acct No R52089 at $2,745.37 05/24/17 to 07/01/17 | 300.86 | | |
| | 4.45 | County Taxes - Acct #R52082 at $40.59 05/24/17-07/01/17 | 4.45 | | |
| | | **COMMISSIONS** | | | |
| 8,000.00 | | Commission - Listing Agent to John L. Scott $200,000.00 @ 4.0000% = $8,000.00 | | | |
| 4,000.00 | | Commission - Selling Agent to Berkshire Hathaway HomeServices RE Professionals $200,000.00 @ 2.0000% = $4,000.00 | | | |
| | | **NEW LOAN CHARGES - Umpqua Bank** **Total Loan Charges: $4,375.72** | | | |
| | | Origination Fee | 995.00 | | |
| | | Appraisal Fee to Solidifi | 800.00 | | |
| | | Credit Report to CoreLogic Credco | 22.00 | | |
| | | Final Inspection Fee - Pre Closing to 442 Final | 225.00 | | |
| | | Flood Certification to ServiceLink National Flood, LLC | 7.25 | | |
| | | Tax Service to CoreLogic | 58.00 | | |
| | | Prepaid Interest $16.43836 per day from 05/24/17 to 06/01/17 Umpqua Bank | 131.51 | | |
| | | Homeowner's Insurance 4.000 Months at $75.42 per Month | 301.68 | | |
| | | Property Taxes 10.000 Months at $228.78 per Month | 2,287.80 | | |
| | | Aggregate Adjustment | | | 452.52 |
| | | **TITLE & ESCROW CHARGES** | | | |
| | | Title - Courier Fee to Ticor Title Company of Oregon | 33.34 | | |
| | | Title - E-Recording Fee to Ticor Title Company of Oregon | 15.00 | | |
| | | Title - Escrow Fee to Ticor Title Company of Oregon | 825.00 | | |
| | | Title - Government Lien Search to Ticor Title Company of Oregon | 30.00 | | |

Exhibit B

Case 16-61816-tmr7    Doc 54    Filed 03/31/18

| SELLER | | | | BUYER | | |
| --- | --- | --- | --- | --- | --- | --- |
| $ DEBITS | $ CREDITS | | | $ DEBITS | $ CREDITS | |
| | | **TITLE & ESCROW CHARGES (continued)** | | | | |
| | | Title - Lender's Title Insurance to Ticor Title Company of Oregon | | 280.00 | | |
| | | OTIRO 209.10-06 - Restrictions, Encroachments, Minerals - Current Violations (ALTA 9.10-06) to Ticor Title Company of Oregon | | 100.00 | | |
| | | Title - Release Tracking Fee to Ticor Title Company of Oregon | | 110.00 | | |
| 700.00 | | Title - Owner's Title Insurance to Ticor Title Company of Oregon | | | | |
| | | Policies to be issued:<br>Owners Policy<br>Coverage: $200,000.00   Premium: $700.00<br>Version: ALTA Owner's Policy 2006<br>Loan Policy<br>Coverage: $160,000.00   Premium: $280.00<br>Version: ALTA Loan Policy 2006 | | | | |
| | | **RECORDING CHARGES** | | | | |
| | | Recording Fees to Ticor Title Company of Oregon<br>Deed                              $56.00<br>Mortgage/Deed of Trust   $116.00 | | 172.00 | | |
| | | Record Power of Attorney to Ticor Title Company of Oregon | | 51.00 | | |
| | | **PAYOFFS** | | | | |
| 183,302.28 | | Payoff of First Mortgage Loan to Wells Fargo Bank ($183,302.28)<br>    Total Payoff | | | | |
| | | **MISCELLANEOUS CHARGES** | | | | |
| | | Homeowner's Insurance Premium to Trumbull Insururance<br>    12 months | | 905.00 | | |
| 1,000.00 | | Attorney Fee to Attorney | | | | |
| | | Carve Out Fee to Vanesa Pancic, Trustee | | 10,000.00 | | |
| | | Negotiation Fee to Royalty Negotiations LLC | | 4,000.00 | | |
| 303.03 | | Payment of Taxes Acct No. R52082 to Douglas County Tax Assessor | | | | |
| 3,000.00 | | Seller Relocation to Amy Osborn | | | | |
| 200,305.31 | 200,305.31 | **Subtotals** | | 221,654.89 | 221,701.76 | |
| | | **Balance Due TO Buyer** | | 46.87 | | |
| 200,305.31 | 200,305.31 | **TOTALS** | | 221,701.76 | 221,701.76 | |

Exhibit B

Case 16-61816-tmr7    Doc 54    Filed 03/31/18

## CERTIFICATE OF SERVICE

I certify that on the date below, I caused notice of the filing of this **TRUSTEE'S MOTION FOR ORDER AUTHORIZING RETROACTIVE EMPLOYMENT OF SHORT-SALE BROKER AND DECLARATION OF TABITHA WIDEN IN SUPPORT** to be served on interested parties requesting notice through the Court's CM/ECF system and the following parties via US First Class Mail:

Greg Ferrera            Royalty Negotiations, LLC
6000 SW Meadows Rd. #105    PO Box 87513
Lake Oswego, OR 97035      Vancouver, WA 98687

DATED:  March 31, 2018.

By: /s/ Vanesa Pancic
        Vanesa Pancic, Ch. 7 Trustee

**Page 1 – CERTIFICATE OF SERVICE**